IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOOGLE LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| AQUA LICENSING, LLC, | ) **CONFIDENTIAL –** |
| | ) **FILED UNDER SEAL** |
| Respondent. | ) |

**GOOGLE LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL ITS
MOTION TO COMPEL AQUA LICENSING, LLC TO COMPLY
WITH SUBPOENAS ON AN EXPEDITED BASIS**

Google LLC ("Google") moves for an order pursuant to Federal Rule of Civil Procedure 5.2 and D. Del. L.R. 5.1(a) permitting the filing under seal of its Motion to Compel Aqua Licensing, LLC to Comply With Subpoenas on an Expedited Basis, filed concurrently herewith. The grounds for this motion are set forth below.

1. Google's Motion to Compel seeks compliance with third-party subpoenas it served in ten separate cases captioned *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Google LLC*, Case Nos. 6:20-cv-571, 6:20-cv-572, 6:20-cv-573, 6:20-cv-575, 6:20-cv-576, 6:20-cv-579, 6:20-cv-580, 6:20-cv-583, 6:20-cv-584, and 6:20-cv-585, each of which is pending in the United States District Court for the Western District of Texas, Waco Division. Google's Motion to Compel and the associated exhibits thereto disclose confidential business information, including details about confidential non-disclosure agreements.

2. Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir.

1988).  Courts may use their "inherent supervisory power . . . [to] deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing."  *Id.* at 678; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure.").  The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption."  *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  Courts generally protect materials the disclosure of which may, as here, "harm . . . a litigant's standing in the marketplace."  *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007).  Moreover, it is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Id.*

3. With these principles in mind, Google respectfully requests that the Court grant its motion for leave to file its Motion to Compel under seal.  The information and documents in question relate to commercially sensitive terms or rights and obligations under confidential non-disclosure agreements that are relevant to Google's Motion to Compel.  Disclosure of this information would cause the parties to the agreements harm by having their confidential information disclosed to the public.

4. Google therefore seeks to file its Motion to Compel under seal.

5. In accordance with D. Del. LR 5.1.3, Google will file a public version of the Motion to Compel, with the confidential information redacted, within seven days.

OF COUNSEL:

Matthew S. Warren
Jennifer A. Kash
Erika Warren
WARREN LEX LLP
2261 Market Street, Suite 606
San Francisco, CA  94114
(415) 895-2940

Tharan Gregory Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

October 18, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Google LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 18, 2021, upon the following at the email addresses indicated below:

| | |
|---|---|
| James L. Etheridge, Esquire<br>Ryan S. Loveless, Esquire<br>Brett A. Mangrum, Esquire<br>Travis L. Richins, Esquire<br>Jeffrey Huang, Esquire<br>Brian M. Koide, Esquire<br>ETHERIDGE LAW GROUP, PLLC<br>2600 East Southlake Blvd., Suite 120/324<br>Southlake, TX  76092<br>*Attorneys for Respondent* | *VIA ELECTRONIC MAIL* |
| Aqua Licensing LLC<br>℅ Registered Agent Solutions<br>9 East Loockerman Street, Suite 311<br>Dover, DE  19901<br>*Registered Agent for Aqua Licensing LLC* | *VIA HAND DELIVERY* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)