IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOOGLE LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| AQUA LICENSING, LLC, | ) |
| | ) |
| Respondent. | ) |
| | ) |

REDACTED - PUBLIC VERSION

## MOTION TO COMPEL AQUA LICENSING, LLC
## TO COMPLY WITH SUBPOENAS ON AN EXPEDITED BASIS

1. In this ancillary action, Defendant Google LLC ("Google") moves for an order compelling third-party Aqua Licensing, LLC ("Aqua") to comply, on an expedited basis, with Google's subpoenas attached hereto as Exhibits 1-2 seeking documents and testimony for use in ten separate cases captioned *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Google LLC*, Case Nos. 6:20-cv-571, 6:20-cv-572, 6:20-cv-573, 6:20-cv-575, 6:20-cv-576, 6:20-cv-579, 6:20-cv-580, 6:20-cv-583, 6:20-cv-584, and 6:20-cv-585, each of which is pending in the United States District Court for the Western District of Texas, Waco Division. In these ten cases, which the subpoenas refer collectively to as the "WSOU v. Google Litigations," plaintiff WSOU Investments, LLC ("WSOU") sued Google for alleged patent infringement. Aqua is a nonparty who possesses information relevant to the parties' claims and defenses, in particular information to licensing of the asserted patents. Notably, Aqua and WSOU are represented by the same counsel (hereinafter referred to as "joint counsel for Aqua and WSOU").

2. Aqua is a patent broker that monetizes IP portfolios on behalf of patent owners, including plaintiff WSOU. Aqua directly communicated with potential purchasers and licensees regarding patent portfolios that included the asserted patents. Google's document requests

regarding analyses of the patents and comparisons thereof to any other products are relevant to the issues of infringement and damages in the underlying case.  (*See* Ex. 1).  The requests for information regarding settlements, licenses, agreements, valuations, and royalties associated with the asserted patents are directly relevant to the damages issues.  (*Id*.).  The requests for information regarding the asserted patents' validity are relevant to Google's invalidity defenses.  (*Id*.).

        3.       Rule 45 of the Federal Rules of Civil Procedure allows a party to obtain a subpoena to command a nonparty to produce documents or tangible things in its possession, custody, or control.  Fed. R. Civ. P. 45.  The scope of discovery through a subpoena under Rule 45 is the same as under Rules 26 and 34 of the Federal Rules of Civil Procedure.  *See* 9A Charles Alan Wright et al., Federal Practice and Procedure § 2452 (3d ed. 2019) (collecting cases).  To that end, a party may obtain discovery of any non-privileged matter that is relevant to any claims or defenses.  Fed. R. Civ. P. 26(b)(1).  "[I]t is well recognized that the federal rules allow broad and liberal discovery."  *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)).

        4.       Although the subpoenas were issued by the Western District of Texas, they require compliance in the District of Delaware, which is where Aqua is subject to service and, hence, where the subpoenas commanded the production of documents and the deposition to occur.  Google served the subpoena on Aqua on July 21, 2021, through its registered agent in Delaware.  (Ex. 3).  The response to Google's document subpoena, as served, was originally due on Wednesday, August 4, the same date on which Aqua's deposition was commanded.  (Ex. 1).

**I.      PROCEDURAL HISTORY**

5.      After Google's subpoenas were served on Saturday, July 17, joint counsel for Aqua and plaintiff WSOU contacted counsel for Google on Monday, August 2, stating that WSOU counsel also represented Aqua. (Ex. 4). Joint counsel for Aqua and WSOU requested an extension to respond to the subpoenas, and Google granted a 14-day extension to Wednesday, August 18. (Ex. 25).

6.      On Tuesday, August 17, joint counsel for Aqua and WSOU transmitted objections to Google's document subpoena. (Exs. 5 & 7). The objections consisted of three general objections to relevance, burden, and privilege, and a demand for compensation. *Id.* The generalized objections purported to apply to all twenty document requests in Google's subpoena, but Aqua did not raise any specific objections on a request-by-request basis. Accompanying the objections, joint counsel for Aqua and WSOU provided conclusory written responses stating that Aqua refused to search for any responsive documents because it "should not be burdened with searching for or producing such documents" relevant to the litigation. *Id.* Aqua further asserted that a deposition was unnecessary because Aqua's chosen corporate representative "does not regularly conduct business" in Delaware, and was "boating" in the U.S. Virgin Islands for the foreseeable future. *Id.* Aqua did not submit any objections to the subpoena for deposition. *Id.*

7.      On Monday, August 30, Google responded to Aqua's inadequate objections and specifically explained why the discovery sought was not, in fact, more readily available through plaintiff WSOU—which joint counsel to Aqua and WSOU already knew, as it also represented WSOU. (Ex. 6). In particular, Google explained that much of the discovery that Google seeks from Aqua concerns its communications with third parties and/or clients, and "is a request to which only Aqua—not Google, WSOU, nor [any other party to the suit]—can respond." *Id.* Addressing

Aqua's steadfast "refusal to even search for responsive documents," Google emphasized Aqua's obligations under the subpoena. Despite Aqua's noncompliance with the subpoenas, Google nevertheless invited Aqua to "identify a mutually agreeable date for a deposition and location for that deposition," and requested Aqua's availability to meet and confer. (Ex. 6).

8. On Thursday, September 2, joint counsel for Aqua and WSOU stated that it was unavailable for the remainder of the week and offered to consider the week of September 6. (Ex. 2). Google replied the same day with its availability on Thursday, September 9. (Ex. 8). Aqua then failed to respond. Having heard nothing, on Tuesday, September 7, Google offered Wednesday, September 8 for a teleconference. (Ex. 9). Aqua responded just hours before the proposed time, declining and instead proposing to confer the following Monday, September 13. (Ex. 10). Google responded on Thursday, September 9 and proposed a time certain for the teleconference, (Ex. 11), to which there was no response. On Friday, September 10, Google prompted joint counsel for Aqua and WSOU to confirm its proposed date. (Ex. 12).

9. Counsel for the parties finally convened a telephonic conference on Monday, September 13, 2021. The parties discussed the document and deposition subpoenas. During this conference, joint counsel for Aqua and WSOU asked for a list of "buckets" of documents Google contended were responsive. (Ex. 13).

10. On Tuesday, September 16, Google counsel sent a letter to joint counsel for Aqua and WSOU, summarizing the status of the meet-and-confer discussions, and delineating specific categories of relevant and discoverable documents that Aqua should produce. (Ex. 13). Google also asked joint counsel for Aqua and WSOU for its availability to further discuss the subpoenas.

11. On Tuesday, September 28, Google followed up on its letter and again asked for a meet and confer. (Ex. 14). Joint counsel for Aqua and WSOU did not respond.

12. Google counsel again contacted joint counsel for Aqua and WSOU once more on Thursday, September 30, offering several dates and times for a follow-up meet and confer to discuss Aqua's response to the outstanding subpoenas. (Ex. 15). Joint counsel for Aqua and WSOU once again failed to respond and still has not responded as of the filing of this motion.

## II.  ARGUMENT

### A.  Google's Requests Seek Relevant Information

13. The documents and testimony sought by Google's subpoenas concern standard discovery in any patent case and are directly relevant to the issue of damages in the underlying WSOU v. Google Litigations. *See e.g.*, *New Atlantic Venture Fund III, L.P. v. Vir2us, Inc.*, Case No. 16-95-SLR, 2016 WL 3583797, *3 (D. Del. Jun. 30, 2016) (noting that the Third Circuit applies a broad relevancy standard under Rule 26 and compelling compliance with subpoena directed at information relevant to damages and infringement).

#### 1.  Aqua Served As An Agent For WSOU During Licensing Discussions

14. Aqua, through its principal executive and agent, Mr. Mark McMillian, is a broker for the negotiation of patent portfolio licensing agreements. Aqua holds itself out as an agent of patent owners to monetize their intellectual property. *(See e.g.,* Ex. 22). ████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████ (*See* Exs. 19 to 24.) These types of communications, particularly those concerning marketing, valuations, and negotiations about the asserted patents with other entities, are squarely relevant to the damages issues in the WSOU v. Google Litigations.

5

2. **Aqua Communicated With** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3. **Aqua's Communications With WSOU**

16. On information and belief, Aqua's interaction with WSOU began in 2017.

17. Aqua discussed the potential licensing of a patent portfolio that included multiple of the asserted patents with at least Google. On information and belief, the patent licensing campaign managed by Aqua extended for at least a year, from about September 2017 to about September 2018.

18. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19. 

20.

21.                                                                                        (Exs. 23 & 24).                    its

due diligence of the offer for a perpetual license to the patent portfolio, which included most of the asserted patents in the WSOU v. Google Litigations.

### B. Plaintiff WSOU Has Not Produced Any Correspondence With Aqua

22. The subpoenas to Aqua seek documents and communications regarding any potential patent purchaser and licensee with which Aqua discussed the portfolios including the asserted patents. The subset of such responsive documents that includes communications with WSOU has not yet been produced in the underlying litigation because the plaintiff WSOU, represented by the same counsel as Aqua, has refused to produce any documentation from or with Aqua. It has failed to produce any materials exchanged between Aqua, WSOU, ▮▮▮▮▮▮▮. Google served these subpoenas to obtain such documents but the subpoenas also seek other discoverable information relevant to the issues of standing, damages, infringement, and invalidity. The relevance of the documents and testimony sought by Google outweighs any purported burden

Aqua asserts in complying with the subpoenas, and requests more than that which would be in WSOU's possession.

### C.  Aqua Admits Having Responsive Documents Which It Refuses to Produce

23. During its meet and confer conference with Google on September 13, 2021, joint counsel for Aqua and WSOU conceded that it had located responsive documents concerning licensing and purchase of the asserted patents and related patents, and that such documents fell into two separate categories: (i) executed agreements, and (ii) documents related to negotiation of those and other unconsummated agreements. (Ex. 13).

24. Joint counsel for Aqua and WSOU also acknowledges that it possesses executed agreements between Aqua and other patent licensees relating to the patent portfolio ███ ████████████, which includes patents asserted in the WSOU v. Google Litigations. Joint counsel for Aqua and WSOU further agrees that such documents are responsive to Google's subpoena requests, and further agreed to produce such agreements subject to appropriate confidentiality designations. To date, however, Aqua has produced no documents.

25. Despite affirmatively searching for and identifying documents in the second category of documents—namely, documents surrounding the negotiation of relevant patent licenses—joint counsel for Aqua and WSOU continues to withhold these responsive documents and maintains its general objections to relevance despite citing no cognizable authority.

### D.  Aqua Waived Its Objections

26. Rule 45 provides that a nonparty served with a subpoena may object, but "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, both the 14 days and the time for compliance have long passed.

27. "A nonparty's failure to timely make objections to a Rule 45 subpoena *duces tecum* generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.,* No. CIV.A. 08-53-JJF, 2010 WL 2836388, at *1 (D. Del. July 16, 2010); *Health Robotics, LLC v. Bennett,* No. 9-0627, 2009 WL 10687682, at *1 (E.D. Pa. Aug. 24, 2009) (Non-parties "did not object to the subpoenas within fourteen (14) days of when they were served, but instead waited over a month to file the instant Motion. Having not timely objected, Non-parties have waived any objections"); *In re Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988) (enforcing a nonparty subpoena over untimely objections because the respondent "did not even contact" the party who served the subpoena within the time for compliance and because the "failure to object timely constitutes a waiver of any objections"). Moreover, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g).

28. Google properly effected service through Aqua's registered agent, as documented by the proof of service. (Ex. 3). Aqua's brief response to Google's subpoenas represents the full universe of any protest that Aqua had to the discovery sought. Aqua has waived any and all objections by failing to coherently describe any grounds for its few, purported objections. *Haring v. Eckerd Corp.,* No. 01-3988, 2002 WL 32348343, at *1 (E.D. Pa. May 16, 2002) ("Defendant cannot simply intone this familiar litany of objections to voice a successful objection to a discovery request . . . General objection without specific support may result in waiver of the objections"); *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) (finding boilerplate objections to a subpoena deficient because "the duty to 'provide reasoning and specificity with each objection,' falls upon the party objecting to discovery requests".)

29. Having waived any meaningful and proper objections, Aqua is obligated to produce documents as requested by the subpoenas. Aqua acknowledges that it actively solicited numerous other companies regarding the portfolio including the asserted patents in the WSOU v. Google Litigations—responsive documents exist with respect to other licensees. Google is unable to less burdensomely seek these documents from other parties, and indeed Aqua has admitted that it already searched for and collected such documents.

### E.  Aqua Must Produce a Witness for Deposition

30. The Court should compel Aqua to produce a corporate witness to testify on behalf of Aqua regarding the deposition topics attached to the subpoena. Aqua's deposition is highly relevant to the underlying case as it will shed light on the circumstances surrounding monetization of the asserted patents, including circumstances surrounding material license agreements. The documents alone will not provide all necessary detail about the discussions between Aqua and potential licensees and purchasers regarding the asserted patents. Further, to the extent Aqua refuses to produce certain documents or contends records are unavailable, the deposition is doubly necessary to determine the circumstances surrounding the relevant portfolio monetization campaign, including any valuation of the asserted patents.

31. Google's topics are narrowly tailored to address discovery regarding these issues, and Aqua has offered no cognizable excuse for its refusal to appear for deposition. Aqua cannot continue to flee its obligations at sea for an indeterminate amount of time—Google has diligently attempted to schedule the deposition at a time amenable to the witness, but given the approaching close of fact discovery, the Court should now require Aqua to produce its witness without any further delay.

### F.     The Court Should Compel Aqua to Produce Documents and Testimony

32.     Even if Aqua now attempts to quash the subpoenas, this Court should compel it to produce the requested documents and testimony as set forth in Google's subpoenas, because the relevance of the discovery sought, Google's need for such discovery, and the minimal hardship to Aqua all uniformly and decisively favor production of the requested discovery. *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (finding hardship insufficient to outweigh the relevance of the production in response to the subpoena as even "where there is doubt over relevance, the rule indicates that the court should be permissive").

### III.    CONCLUSION

Accordingly, under Rules 37(a)(2) and 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Google respectfully moves this Court to compel Aqua to comply with Google's requests for both deposition testimony and the production of documents.  Google respectfully requests that this Motion be considered on an expedited basis in light of the impending close of discovery in the WSOU v. Google Litigations currently scheduled for October 22, 2021, and Google's multiple and unanswered requests to meet and confer on the substance of the duly served subpoenas.  *See, e.g.*, No. 6:20-cv-571 (W.D. Tex.), D.I. 33 (First Amended Scheduling Order) at 3 & *supra,* Section I.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Brian P. Egan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| Matthew S. Warren | 1201 North Market Street |
| Jennifer A. Kash | P.O. Box 1347 |
| Erika Warren | Wilmington, DE  19899 |
| WARREN LEX LLP | (302) 658-9200 |
| 2261 Market Street, Suite 606 | jblumenfeld@morrisnichols.com |
| San Francisco, CA  94114 | began@morrisnichols.com |
| (415) 895-2940 | |
| | *Attorneys for Google LLC* |
| Tharan Gregory Lanier | |
| JONES DAY | |
| 1755 Embarcadero Road | |
| Palo Alto, CA  94303 | |
| (650) 739-3939 | |
| | |
| October 18, 2021 | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 18, 2021, upon the following in the manner indicated:

| | |
|---|---|
| James L. Etheridge, Esquire<br>Ryan S. Loveless, Esquire<br>Brett A. Mangrum, Esquire<br>Travis L. Richins, Esquire<br>Jeffrey Huang, Esquire<br>Brian M. Koide, Esquire<br>ETHERIDGE LAW GROUP, PLLC<br>2600 East Southlake Blvd., Suite 120/324<br>Southlake, TX  76092<br>*Attorneys for Respondent* | *VIA ELECTRONIC MAIL* |
| Aqua Licensing LLC<br>℅ Registered Agent Solutions<br>9 East Loockerman Street, Suite 311<br>Dover, DE  19901<br>*Registered Agent for Aqua Licensing LLC* | *VIA HAND DELIVERY* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)